IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 JUN 16 AM 10: 26
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 16 1999

JESSE S. PEVEAR, III, et al.,  }
                               }
    Plaintiffs,                }
                               }   CIVIL ACTION NO.
v.                             }
                               }   99-AR-1301-S
CITICORP MORTGAGE, INC., et    }
al.,                           }
                               }
    Defendants.                }

**MEMORANDUM OPINION**

The court has before it the motion of plaintiffs, Jesse S. Pevear, III, and Gary B. Pevear ("the Pevears"), to remand the above-entitled case to the Circuit Court of Jefferson County from whence it was removed pursuant to 28 U.S.C. §§ 1441 and 1331 by defendants, who filed a notice of removal within 30 days after the alleged appearance of a federal question. The court finds two reasons why the case is due to be remanded.

First, the purported federal question was allegedly "created" by the Pevears' innocuous reference to the Federal Fair Debt Collection Practices Act in a **brief** submitted to the state court in support of a motion for class certification. Not only did plaintiffs not invoke any federal statute in any pleading and did not seek any relief pursuant to any federal statute, but at the oral hearing conducted by this court in which the parties were

1

given an opportunity to speak in support and in opposition to the Pevears' motion to remand, plaintiffs' counsel, on behalf of plaintiffs and their putative class, expressly disclaimed any entitlement for plaintiffs, or the class, pursuant to the subject federal statute, which, according to plaintiffs' counsel, could not have been invoked and was referred to in their brief only as of assistance to the state court in construing the contract that is the subject of the controversy. The Pevears' intent was only to invoke the rule of construction that provides for the resolution of an ambiguity in a contract in such a way that the contract does not run afoul of statutory prohibitions, whether state or federal. Such a reference in a brief is simply not the stuff of which a "federal question" under 28 U.S.C. § 1331 is made. Federal courts are courts of limited jurisdiction. This court, a federal court, is required to strictly construe all of the statutes that create its jurisdiction. This includes § 1331.

The "well pleaded complaint" rule cannot be turned, topsy turvy, into a "casually written brief" rule. The federal jurisdictional statute upon which defendants rely, § 1331, provides:

> The district courts shall have original jurisdiction of all civil actions **arising under** the Constitution, laws, or treaties of the United States.

(emphasis supplied).

None of the Pevears' claims "arise under" the Fair Debt Collection

Act.

Second, one of the removing defendants, after it became aware of the incidental reference to a federal statute in the Pevears' class certification brief, sought summary judgment from the state court and obtained partial summary judgment from that court. Only after that success in the state court, did defendant purport to join in the notice of removal. If removal should be deemed effectual, what court will be responsible for reviewing the state court's grant of partial summary judgment? This court? The Eleventh Circuit? Both? **All** defendants must join in a notice of removal in order for the removal to be effective. When, as here, one defendant is estopped by waiver, caused by a full and productive submission of the case to state court, the notice of removal is ineffectual. Here, removal is forever foreclosed.

One jurisdictional impediment is enough. Here there are two reasons for granting plaintiffs' motion to remand. The motion will be granted by separate order.

DONE this 16th day of June, 1999.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE